UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LI MING YAN,

    Plaintiff,

v.                                     Case No. 3:17cv928-MCR-HTC

HUNAN GOURMET, INC.,
doing business as HUNAN EXPRESS,
and MIN JIANG,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Li Ming Yan ("Yan") brings this action against Defendants for overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Yan was a cook for Defendant Hunan Gourmet, Inc., for a period of time in 2015, and allegedly 2016. This matter is before the undersigned upon referral from the district judge (ECF Doc. 39) for a report and recommendation on Defendants' Motion for Attorney's Fees and Sanctions Under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 (ECF Doc. 35). Also before the Court are Plaintiff's response to the motion (ECF Doc. 38), Defendants' reply (ECF Doc. 46), Plaintiff's status report (ECF Doc. 50) and Defendants' reply post-hearing (ECF Doc. 51). In ECF Doc. 35, Defendants seek sanctions against Plaintiff and his counsel on two grounds. First, Defendants allege Plaintiff's counsel should have conducted a pre-suit

investigation. Second, Defendants argue Plaintiff or his counsel have committed fraud on the Court. The undersigned conducted an evidentiary hearing in the matter on April 23, 2019, at which counsel for both Plaintiff and Defendants appeared. Having considered the parties' written submissions and oral argument, the undersigned finds Defendants' motion should be denied without prejudice.

I.  Legal Standard

Under 28 U.S.C. § 1927, a party may move "for the imposition of fees and costs against an attorney who unreasonably and vexatiously multiplies the proceedings in a case." *Ortiz v. D&W Foods, Inc.*, 657 F. Supp. 2d 1328, 1330 (S.D. Fla. 2009) (citing 28 U.S.C. § 1927). Sanctions also may be imposed pursuant to Fed. R. Civ. P. 11, which states that in presenting a pleading, written motion or other paper to the Court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "'The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts.'" *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting 2 James Wm. Moore et al., *Moore's Federal Practice* § 11.03 (3d ed. 2010)); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Sanctions are appropriate if the pleading "has no reasonable factual basis," if "the legal theory has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law" or if the pleading was filed "in bad faith for an improper purpose." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 637 n.12 (11th Cir. 2010).

In deciding whether to impose sanctions, courts consider "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Peer*, 606 F.3d at 1311 (internal marks omitted). "A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law." *Thompson*, 610 F.3d at 665 (internal marks omitted); *see also Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (noting that legal claims have been found to be frivolous in "egregious" circumstances, such as when a party ignored the plain language of a statute or failed to cite controlling contrary authority). Hence, Rule 11 incorporates an objective standard, requiring the Court to "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*)). This requires a consideration of what was

"reasonable under the circumstances," taking care to "avoid using the wisdom of hindsight" in the inquiry. *Donaldson*, 819 F.2d at 1556 (internal marks omitted).

II. Legal Analysis

A. Failure to Conduct a Pre-suit Investigation

Defendants argue that Plaintiff and his counsel should be sanctioned for counsel's failure to conduct a pre-suit investigation and that had he done so, he would have discovered Hunan does not have annual gross sales in excess of $500,000, as required for enterprise coverage to apply under the FLSA.[1] Defendants further argue that while there is no requirement or obligation to conduct a pre-suit investigation, Plaintiff's counsel should have been on notice that an investigation was necessary because Hunan is a local carry-out eatery with only a few employees. Defendants rely on *Ortiz v. D & W Foods, Inc.*, 657 F. Supp. 2d 1328, 1330 (S.D. Fla. 2009), and *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1180-82 (S.D. Fla. 2012), to support their position. Alternatively, Defendants argue that, at the very least, by August 3, 2018, when Defendants produced their tax returns and other financial information showing Hunan's gross sales to be less than $500,000, Plaintiff should have dismissed the action.

---

[1] There are "two types of coverage under the FLSA: (1) 'individual' coverage and (2) 'enterprise' coverage." *Alonso v. Garcia*, 147 F. App'x 815, 816 (11th Cir. 2005). For enterprise coverage to apply, a defendant must have employees engaged in commerce or the production of goods for commerce and annual gross sales in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i) and (ii). Three (3) days before filing the motion for sanctions, Defendants filed a motion for summary judgment (ECF Doc. 32) for lack of enterprise coverage. The motion remains pending.

Case No. 3:17cv928-MCR-HTC

In response, Plaintiff's counsel, Jian Hang, submitted an affidavit outlining the steps he took before filing suit to determine whether the FLSA applied. ECF Doc. 38-1. In the affidavit, Mr. Hang states that before filing suit, he discussed Hunan's gross sales with Plaintiff, whom Mr. Hang says confirmed the gross sales exceeded $500,000. According to Mr. Hang, Plaintiff advised of the number of dishes he and his co-workers prepared each day, as well as the prices of the dishes. Based on that information, and estimated drink sales, Mr. Hang determined Hunan's annual gross sales were likely between $487,100 and $715,100. Mr. Hang argues *Rodriguez* and *Ortiz* are not applicable because no affidavit was provided in either of those cases by counsel as to what, if anything, was done and further that he had no reason to believe his client was not providing accurate information.[2]

As to the tax returns and financial documents produced in response to discovery, including the documents produced in August 2018, Plaintiff argues those documents were inconsistent[3] with each other and further not conclusive. Plaintiff's counsel explained that based on his experience handling FLSA cases, businesses, such as Hunan, conduct a significant amount of cash sales, which are not always

---

[2] Plaintiff also argues there was no reason for him to question the existence of enterprise coverage since Defendants conceded to this Court's jurisdiction over Plaintiff's claims. This argument misses the point sought to be made by Defendants, which is not that the Court lacks subject matter jurisdiction, but that Plaintiff cannot establish an element of his claim.

[3] Defendants argued the discrepancy was due to the change in the name of the business.

Case No. 3:17cv928-MCR-HTC

reported. Thus, he believes whether there is enterprise coverage (and thus FLSA liability) is a question of fact for a jury.

Applying the legal standards set forth above, the undersigned is unable to find sufficient evidence to show this suit was frivolously filed by the Plaintiff or his counsel. Without commenting on whether factual issues exist regarding enterprise coverage, the undersigned finds that Plaintiff and his counsel have shown a good faith belief that such coverage exists. Additionally, Mr. Hang's description of his conversation with Plaintiff and how he came to believe enterprise coverage exists make this case different from the facts in *Ortiz*, where plaintiff's counsel "did not submit an affidavit attesting to his pre-suit investigations or to his good faith belief that the action was not frivolous." *Ortiz,* 657 F. Supp. 2d at 1330. This case is also unlike *Rodriguez*, where plaintiffs had no information on the amount of defendant's gross revenues, stated they had not done anything before filing suit to determine the amount of gross revenues and conceded they would defer to defendant for any questions regarding gross revenue. *Rodriguez*, 863 F. Supp. 2d at 1180. Likewise, the undersigned does not find that Plaintiff's counsel should have been on notice that a pre-suit demand or investigation was necessary simply because Hunan is a small local carry-out restaurant. While another lawyer might have pursued additional inquiry to ensure the information Yan was providing was about Hunan and not another restaurant at which he worked, sanctioning Plaintiff and his counsel under

Case No. 3:17cv928-MCR-HTC

Rule 11 based on that argument is the equivalent of playing Monday morning quarterback.[4]

The undersigned also does not find that Plaintiff's failure to dismiss the suit after he received Hunan's financial records is sanctionable. Notably, although Defendants produced some of Hunan's financial records in June, they supplemented those records in August and did another supplementation in December, within a week prior to filing their motion for summary judgment. The supplementation in December included gross sales amounts for Hunan. Thus, even under Defendants' position, Plaintiff would not have been on notice that there was a potential lack of enterprise coverage until December. Regardless, given Mr. Hang's argument that the documents were inconsistent and that he believes he will be able to show unreported cash sales, the undersigned cannot say that Plaintiff's continued pursuit of the case is unjustifiable.

B. Fraud on the Court

Defendants also seek sanctions on the ground that Plaintiff and his counsel have committed fraud on this Court. Specifically, in Yan's Amended Complaint and answers to interrogatories, Yan claims he worked for Hunan from May 29, 2016, to August 29, 2016. In a sworn declaration Yan submitted to the Western District of

---

[4] At the hearing, Mr. Hang advised he met with his client about potential lawsuits against four (4) prior employers.

Tennessee, Yan claims he worked at Yum's Chinese Restaurant (the defendant in that case) between May 2016 and October 2016. *Shi v. Yum's Chines Restaurant*, Case No. 2:17-cv-2900. Since Yan could not have worked in both places, which are hundreds of miles apart, at the same time, Yan must have lied to this Court or to the Western District of Tennessee.

In response, Plaintiff's counsel contends the information provided to this Court is correct and the information he provided to the Western District is incorrect and that such error was inadvertent. He attributes the error to language or communication issues, his case load and the fact that he had different associates working on the two matters.[5] While the undersigned does not believe those reasons justify the error, the undersigned does take Mr. Hang's explanations, as an officer of the Court, to preclude a finding of fraud at this time.

The undersigned finds it concerning, however, that Mr. Hang represented in open court the error had been corrected until Defendants showed the Court an affidavit obtained by the Defendants from counsel in the Western District case stating that, as of the date before the evidentiary hearing, Plaintiff had not corrected his sworn declaration in the Western District case and further that Plaintiff's counsel

---

[5] Mr. Hang represents Plaintiff in at least four (4) FLSA cases, including this one and the action pending in Tennessee.

Case No. 3:17cv928-MCR-HTC

had not reached out to him regarding the error. The undersigned sees no justification for Plaintiff's or his counsel's failure to correct the error in the more than four (4) months that had passed since the error was initially raised in December 2018.[6] Although counsel, once again, attributed the error to case load, the undersigned finds the explanation to be inadequate.

That said, Mr. Hang represented to the Court at the hearing that he would amend the pleadings in the Tennessee case or take whatever action was necessary -- either that day or the next -- to correct the mistake. Following the hearing, Plaintiff's counsel submitted a letter advising that counsel for the defendant in the Tennessee action had been notified of Plaintiff's intention to amend the complaint to indicate the correct dates of employment. ECF Doc. 50. Since Mr. Hang has now taken steps to correct the error and the error occurred in the Western District of Tennessee, the undersigned does not recommend sanctions at this time.

Finally, Defendants contend that despite Mr. Hang's representation that the dates Yan claims to have worked at Hunan are correct, they are concerned, given his multiple lawsuits and other questionable conduct, that he is not being truthful. Defendants, however, have not taken Plaintiff's deposition, and Defendants' own

---

[6] After the hearing, Defendants filed a reply (ECF Doc. 51) in which they show that counsel in the Western District case advised Mr. Hang of the inconsistent representations in December 2018, and instead of agreeing to look into the matter, Mr. Hang responded by accusing counsel of "shameless[ly] defending an employer for [his] attorney's fees." It appears that a motion for sanctions has also been filed against Mr. Hang by counsel in that case as well.

Case No. 3:17cv928-MCR-HTC

records are inconclusive at this time as to whether Plaintiff worked at Hunan on the dates claimed.  Thus, at this point, there is simply not enough information for the undersigned to conclude that Plaintiff or his counsel filed this suit frivolously, have engaged in fraud or are continuing to pursue this case vexatiously, but should Defendants learn of the existence of such information, Defendants may re-file their motion.

Accordingly, it is respectfully RECOMMENDED:

That Defendants' Motion for Attorney's Fees and Sanctions Under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 (ECF Doc. 35) be DENIED without prejudice.

At Pensacola, Florida this 29th day of April, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**